NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 2 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FELINCIA PHANG; HENDRICK LIAUW, <br><br> Petitioners, <br><br> v. <br><br> JEFFERSON B. SESSIONS III, Attorney General, <br><br> Respondent. | No. 14-71846 <br><br> Agency Nos. A088-102-228 <br> A088-102-229 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 26, 2017[**]

Before: SILVERMAN, TALLMAN, and N. R. SMITH, Circuit Judges.

Felincia Phang and Hendrick Liauw, natives and citizens of Indonesia,

petition for review of the Board of Immigration Appeals' ("BIA") order denying

their motion to reopen removal proceedings. We have jurisdiction under 8 U.S.C.

§ 1252. We review for abuse of discretion the denial of a motion to reopen,

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

*Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010), and we deny the petition for review.

The BIA did not abuse its discretion in denying petitioners' motion to reopen as untimely where it was filed over two years after the BIA's final order of removal, *see* 8 C.F.R. § 1003.2(c)(2), and petitioners failed to establish materially changed circumstances in Indonesia to qualify for the regulatory exception to the time limit for filing a motion to reopen, *see* 8 C.F.R. § 1003.2(c)(3)(ii); *Najmabadi*, 597 F.3d at 987-90 (evidence must be "qualitatively different" to warrant reopening).

**PETITION FOR REVIEW DENIED.**